Estate of Charles Lafferty, deceased.   Appeal of Charles
F. Linde, Receiver of the firm of P. Lafferty & Com-
pany.

*Partnership—Decedents' estates—Payments.*

One of the executors of an estate, after diverting moneys of the estate
to the use of a partnership of which he was a member, became a defaulter
to the estate.   To diminish his deficit he subsequently made various deposits
in cash in the bank account of the estate, and also deposited a firm check
to his personal order in the same account.   It was claimed that the exec-
utor had used the firm moneys in making the cash deposits in the bank to
pay his individual indebtedness to the estate.   *Held*, (1) that it was the
right of the estate to receive the moneys, unless they were earmarked as
moneys of the firm; (2) that under the facts of the case the partnership
could not recover from the estate the moneys deposited, but was limited
to its remedy against the defaulting executor.

Argued March 23, 1897.   Appeal, No. 583, Jan. T., 1896, by
Charles F. Linde, from decree of O. C. Phila. Co., Oct. T.,
1886, No. 587, dismissing exceptions to adjudication.   Before
GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ.   Af-
firmed.

Exceptions to adjudication.

The adjudication of ASHMAN, J., was as follows:

On behalf of the firm of P. Lafferty & Co. (the brick co.),
Charles F. Linde, Esq., presented through his counsel a claim
for $6,700, moneys alleged to have been withdrawn from the
partnership funds by Patrick Corcoran, the copartner, and
placed by him with the Fidelity Trust Company to the credit
of the estate of which he was coexecutor.   In proof of the pay-
ments the checks of Corcoran as treasurer of the brick com-
pany, drawn to his own order, and the corresponding stubs of
the brick company's check book, and the entries in its cash
book were produced, together with the deposit slips of the estate,
as made out by Corcoran.  Taken singly it is conceded that
these books of the claimant company would not be admissible
as proof of its demand, but they formed in this instance parts
of one transaction.   The brick company was the firm of which

Corcoran and Patrick Lafferty were the members, and of which both of them strenuously attempted to make out that Miss Lafferty was also a partner.   Corcoran, the coexecutor, was the controlling spirit of the company; he kept its books and manipulated its finances, and as a result of his care the business passed to a receiver.   By his own confession he wrongfully diverted to the brick company not only moneys of the estate, but of its distributees also, and certainly to a larger amount than that embraced by this claim, so that on a balancing of accounts, the brick company would be found to be debtor to. the estate.   When the deposits in question were made, Corcoran was a defaulter to the estate, and his purpose in making them was to diminish the deficit.   The claim is, therefore, that he used firm moneys to pay his individual indebtedness.   It was, however, his duty to pay his own debts, and it was the right of the creditors to receive his moneys, unless they were earmarked as moneys of the firm.   Yet of all the deposits, five in number, only one was of a firm check.   It was for $700, and was drawn to the order of Corcoran and indorsed by him to the estate.   It was the only one which by any possibility could have put the representatives of the estate on their guard.   But it was drawn not to the order of the creditor, but to that of the partner, and it was chargeable to his individual account and became his individual property, to be used for his own purposes, including therein the payment of his own debts.   In no other convenient way could any partner draw out from the partnership his personal moneys.   In a word, this check was a distinct admission by the brick company that the money was Corcoran's own.   The real criterion, aside from the maxim that where one of two innocent parties must suffer he that permits the injury shall bear its consequences, is, which of these two parties should have exercised vigilance, the estate which received checks and moneys in the accustomed order of business in payment of its just debts, or the member of the debtor firm whose partner was drawing firm checks to his personal order?   That Patrick Lafferty, the partner of Corcoran, was a cipher in the business of the firm, does not affect the result. ·

The other deposits upon which the claim is founded had not even this much to warrant their consideration.   They were all of them in cash.   That of January 29, 1894, was in cash, which

Corcoran first obtained on a firm check, and which cash he deposited to the credit of the estate in the sum of $1,000. That of January 31, 1894, was a similar deposit in cash of $700. February 1, 1894, Corcoran received from Patrick Lafferty in cash and he deposited the cash, $2,000. February 5, 1894, Corcoran drew in cash on the firm's check and deposited the cash as in the other instances to credit of the estate, $2,300.

He had thus reduced all of these moneys into his own possession, and then paid them over in cash to the estate in settlement of his debt. Clearly the brick company must look to Corcoran, and not to the Lafferty estate. The claim is rejected.

Exceptions to the adjudication were dismissed, for the reasons given by the auditing judge.

*Errors assigned* were in dismissing exceptions to adjudication.

*John H. Sloan*, for appellant.

*George H. Crawford* and *Samuel Gustine Thompson*, with them *J. Willis Martin* and *Laughlin & Dallas*, for appellees.

PER CURIAM, April 19, 1897:

The decree in this case is affirmed on the opinion of the learned court below. The brick company's claim is against Corcoran and not against Lafferty's estate.

Decree affirmed and appeal dismissed at the cost of the appellant.